PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, *et al.*, | ) | CASE NO. 4:25-CV-01822 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **ORDER LIMITING** |
| | ) | **PUBLIC STATEMENTS** |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JANE DOE, *et al.*, | ) | CASE NO. 4:25-CV-01895 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **ORDER LIMITING** |
| | ) | **PUBLIC STATEMENTS** |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GRANDMOTHER DOE, *et al.*, | ) | CASE NO. 4:25-CV-02494 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **ORDER LIMITING** |
| | ) | **PUBLIC STATEMENTS** |
| Defendants. | ) | |

(4:25-CV-01822 / 4:25-CV-01895 / 4:25-CV-02494)

As addressed during the Case Management Conference in *Jane Doe, et al. v. Ursuline High Sch., et al.*, 4:25-CV-01822 (N.D. Ohio filed Sept. 2, 2025), the Court hereby issues a an Order Limiting Public Statements made by all Counsel and Parties in the above-captioned civil cases.

## I. Law

The right to a fair trial in civil and criminal cases "is one of our most cherished values, and a trial judge should have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity." *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013) (quoting *CBS Inc. v. Young*, 522 F.2d 234, 241 (6th Cir. 1975) (cleaned up). Orders that restrict public communications about matters being litigated fall within a district court's prerogative to maintain decorum, effectuate the administration of justice, and protect litigants from prejudice. *See id.* (citing *Affeldt*, 628 F. Supp. at 1101); *see also Gedeon v. Frenchko, et al.*, No. 4:22-CV-0441, *1 (N.D. Ohio March 28, 2022) (Pearson, J.). Before proscribing Counsel and the Parties' free speech, a court must find (1) a substantial probability that a litigant's right to a fair trial will be prejudiced by publicity that the Order would prevent and (2) no reasonable alternative that will adequately protect the litigant's right to fair trial. *See id.* (citing *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 14 (1986)). A district court may issue an order limiting public statements *sua sponte* in civil litigation without holding an evidentiary hearing. *See Aaron*, 2013 WL 12121516, at *1 (quoting *Affeldt v. Carr*, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985)).

## II. Discussion

The same Plaintiffs' counsel serve in each of three related civil cases before the Court: (1) *Jane Doe, et al. v. Ursuline High Sch., et al.*, No. 4:25-CV-01822 (N.D. Ohio filed Sept. 2,

2

(4:25-CV-01822 / 4:25-CV-01895 / 4:25-CV-02494)

2025); (2) *Jane Doe, et al. v. Ursuline High Sch., et al.*, No. 4:25-CV-01895 (N.D. Ohio filed Sept. 10, 2025); and (3) *Grandmother Doe, et al. v. Ursuline High Sch., et al.*, No. 4:25-CV-02494 (N.D. Ohio filed Nov. 17, 2025).  Both a substantial probability of prejudice and no reasonable alternatives justify imposition of this Order *sua sponte*.[1]  Since their first filing, Plaintiffs' counsel has posted at least eight separate blog entries to their firm's website addressing these lawsuits:

> (1) — The Chandra Law Firm, *Federal Civil-Rights Lawsuit Filed Against Youngstown, Ohio's Ursuline High School Officials and Football Players for Hazing, Assault, and Cover-Up* (Sept. 2, 2025)[2]
>
> (2) — The Chandra Law Firm, *Response to Ursuline High School's Announcement About Football Coaches Being Placed on Leave and Being Suspended* (Sept. 8, 2025)[3]
>
> (3) — The Chandra Law Firm, *Family Sues Ursuline High School Under Title IX for Failing to Protect Daughter from Football Player's Alleged Sexual Harassment, Stalking, and Violent Assault*, (Sept. 10, 2025)[4]

---

[1] While no motion was filed, Diocese and Coach Defendants "wish[ed] to discuss limitation on to the public statements, appearances, and publications in other press outlets, including but not limited to Plaintiffs' counsel's blog and social media" at the Case Management Conference.  ECF No. 10 at PageID #: 1697.  That discussion was had, and this Order is its result.

[2] https://www.chandralaw.com/blog/federal-civil-rights-lawsuit-filed-against-youngstown-ohios-ursuline-high-school-officials-and-football-players-for-hazing-assault-and-cover-up

[3] https://www.chandralaw.com/blog/response-to-ursuline-high-schools-announcement-about-football-coaches-being-placed-on-leave-and-being-suspended

[4] https://www.chandralaw.com/blog/family-sues-ursuline-high-school-under-title-ix-for-failing-to-protect-daughter-from-football-players-alleged-sexual-harassment-stalking-and-violent-a

3

(4:25-CV-01822 / 4:25-CV-01895 / 4:25-CV-02494)

> (4) — The Chandra Law Firm, *Victims' Response to Statement of Ursuline High School President Father Richard Murphy and School's Board* (Sept. 11, 2025)[5]
>
> (5) — The Chandra Law Firm, *Victims File Amended Complaint Against Ursuline High School and Youngstown Catholic Diocese, Revealing A Broader, Four-Year Brutal Hazing Culture*, (Nov. 10, 2025)[6]
>
> (6) — The Chandra Law Firm, *Third Federal Title IX Civil-Rights Lawsuit Filed Against Ursuline High School, Catholic Diocese, and Assistant Principal for Failure to Protect Student from Harassment and Assault* (Nov. 17, 2025)[7]
>
> (7) — The Chandra Law Firm, *Subodh Chandra Statement in Response to Ursuline High School Statement Insulting Grandmother and Grandchild* (Nov. 17, 2025)[8]
>
> (8) — The Chandra Law Firm, *Fourth Lawsuit: Ursuline High School Officials Failed to Prevent Planned Violent Attack on Girl, Who Then Suffered Serious Physical Injuries* (Nov. 25, 2025)[9]

Upon reviewing each entry, the Court finds that Plaintiffs' counsel has publicly commented on cases being litigated in federal court in ways that are "a serious and imminent threat to the administration of justice." *Craig v. Harney*, 331 U.S. 367, 373 (1947). The Court intends to draw potential jurors from Mahoning, Trumbull, and Columbiana counties for these

---

[5] https://www.chandralaw.com/blog/victims-response-to-statement-of-ursuline-high-school-president-father-richard-murphy-and-schools-board

[6] https://www.chandralaw.com/blog/victims-file-amended-complaint-against-ursuline-high-school-and-youngstown-catholic-diocese-revealing-a-broader-four-year-brutal-hazing-culture

[7] https://www.chandralaw.com/blog/third-federal-title-ix-civil-rights-lawsuit-filed-against-ursuline-high-school-catholic-diocese-and-assistant-principal-for-failure-to-protect-student

[8] https://www.chandralaw.com/blog/ subodh-chandra-statement-in-response-to-ursuline-high-school-statement-insulting-grandmother-and-grandchild

[9] https://www .chandralaw.com/blog/fourth-lawsuit-ursuline-high-school-officials-failed-to-prevent-planned-violent-attack-on-girl-who-then-suffered-serious-physical-injuries

4

(4:25-CV-01822 / 4:25-CV-01895 / 4:25-CV-02494)

cases if any one or all proceed to trial. Given the highly public nature of these disputes throughout Northeast Ohio, any person now ignorant of rights potentially implicated therein is either (a) disinterested or (b) living on the moon. The statements in Plaintiffs' counsel's blog posts create a substantial probability of prejudicing Defendants' right to a fair trial because they risk influencing how prospective jurors assess Defendants' character and credibility. Furthermore, moving a trial a different location would inconvenience the Court, the Parties, and all potential witnesses.

### III.  CONCLUSION

Weighing Defendants' right to a fair trial by impartial and objective jurors against Plaintiffs' exercise of rights guaranteed by the First Amendment, the Court hereby orders that:

(1) Plaintiffs and Plaintiffs' counsel are prohibited, for the duration of these cases, from directly or indirectly making public statements, appearances, or publications of any kind in any medium regarding these lawsuits or disparaging the character or credibility of any Defendants therein.

(2) Defendants and Defendants' counsel are prohibited for the duration of these cases from directly or indirectly making public statements, appearances, or publications of any kind and in any medium regarding these lawsuits or disparaging the character or credibility of any Plaintiffs therein.

(3) Plaintiffs' counsel shall remove all blogs or other posts relating to the above-captioned cases from their firm's website no later than December 20, 2025.

(4) Defendants' counsel shall remove any similar text, should it exist, by December 20, 2025.

(4:25-CV-01822 / 4:25-CV-01895 / 4:25-CV-02494)

  (5)  Any Party or Attorney, in these cases, who violates the provisions of this Order shall be ordered to show cause as to why they should not be held in contempt.  If found in contempt, sanctions will be imposed.

  Henceforth, the Parties shall litigate these cases *via* federal docket, not the court of public opinion.

  IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |